United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| W. KNIGHT FOSTER PARTNERSHIP,<br>Plaintiff,<br>v.<br>SARATOGA DATA SYSTEMS, INC.,<br>Defendant. | Case No. 16-cv-02406-PJH<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 68 |

Before the court is plaintiff W. Knight Foster Partnership's ("WKFP") motion for an order enforcing the stipulated preliminary injunction order. The matter is fully briefed and, after discussion with parties at the February 15, 2018 Case Management Conference, the court vacated the hearing on the motion. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion.

## BACKGROUND

This is a copyright infringement and breach of contract action involving "Flume" software. WKFP alleges that defendant Saratoga Data Systems ("SDS") infringes WKFP's copyright in Flume by continuing to use, sell and distribute the software despite the revocation of SDS's license. The Flume software is the only product that SDS currently markets and develops. Dkt. 78 ¶¶ 6-7.

On September 9, 2016, the court entered a stipulated preliminary injunction against SDS. As relevant here, that injunction states:

> 3. Furthermore, during the pendency of this litigation and until ordered otherwise, as Defendant receives additional revenue

> from Flume software, Defendant and each of its officers, directors, owners, agents, representatives, servants, employees, attorneys, and those persons under Defendant's control or in active concert or participation with Defendant are hereby ordered to deposit into an escrow account the greater of (a) one third of that revenue from Flume software, or (b) all of its profits derived from that revenue from Flume software.
>
> 4. The money deposited into escrow shall not be removed or disbursed except by Order of this Court, except to the extent that the parties agree in a writing signed by both parties to exclude or remove specific portions of Flume revenue from escrow.
>
> 5. For purposes of this order, "profits" are to be measured as total revenue absent sufficient proof by Defendant of proper expenses under 17 U.S.C. § 504(b).

Dkt. 51 (the "preliminary injunction").

Since September 2, 2016, SDS's only source of revenue from Flume software is a contract with the Air Force that was entered into in the summer of 2017 (the "AF weather Contract" or the "contract"). Dkt. 78 ¶¶ 9-14 Under that contract, SDS will receive total payment of $1,288,089 for work running through approximately September 2019. Id. ¶ 11; Dkt. 78-3, Fairbank Decl., Ex. C at ECF p. 60 The contract provides for a "Software License" of $740,000, direct labor payments of $479,779, and some expense reimbursement. Dkt. 78 ¶ 11; Ex. C at 60. In late August and early September 2017, SDS received payments under the contract totaling $878,288.40. Dkt. 78 ¶ 13; Ex. C at 60.

On or about October 12, 2017, SDS wired its counsel, McNamee Lochner, $292,762.80. Dkt. 77, Massaroni Decl. ¶¶ 6-7; Dkt. 77-1, Ex. A. That amount was deposited into a McNamee Lochner account with Key Bank. Massaroni Decl. ¶¶ 6-7; Ex. A. Defense counsel attests that that account is being held in accordance with the terms of the preliminary injunction. Massaroni Decl. ¶ 9. Almost three months later, after multiple inquiries from plaintiff's counsel, defendant provided a spreadsheet showing defendant's expenses associated with the Flume software. Dkt. 68-10; Massaroni Decl. ¶¶ 11-12.

On January 17, 2018, plaintiff filed the present motion claiming that defendant was

not in compliance with the preliminary injunction. Specifically, plaintiff claimed that (i) the counsel-maintained trust account was not an "escrow" account and (ii) because plaintiff did not provide a "proper" accounting of expenses, SDS should have, but did not, deposit all revenue, regardless of expenses, into an escrow account.

During the February 15, 2018 Case Management Conference, the court directed the parties to meet and confer to resolve plaintiff's motion and inform the court by February 16, 2018, whether the parties had reached a resolution. On February 16, 2018, the parties informed the court that the parties had agreed that the counsel-maintained trust account was an adequate escrow account. Dkt. 90. The parties, however, also informed the court that no agreement had been reached regarding the other issues raised in plaintiff's motion. Id. With the hope they could resolve the remaining issues, the parties requested that the court stay any ruling until Tuesday, February 20, 2018. Id.

On February 20, 2018, the parties notified the court that no agreement had been reached regarding any other issues raised in plaintiff's motion. Dkt. 92.

As the parties have reached agreement on the escrow issue, this order only addresses the accounting issue described above.

**ANALYSIS**

**A.  Legal Standard**

Under the preliminary injunction, "'profits' are to be measured as total revenue absent sufficient proof by Defendant of proper expenses under 17 U.S.C. § 504(b)." Dkt. 51 ¶ 5. That subsection states:

> (b) Actual Damages and Profits. -- The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

**B. Analysis**

With respect to the accounting issue, plaintiff argues that the deposited $292,762.80 does not comply with the preliminary injunction because defendant's expense showing was untimely and does not comply with 17 U.S.C. § 504(b). Therefore, according to plaintiff, defendant should have deposited $878,288.40.

Though the court agrees that defendant's expense showing was likely dilatory, the court does not agree that the delay warrants the extreme remedies plaintiff proposes or, for that matter, that any remedy is warranted under the preliminary injunction.

The parties' stipulated preliminary injunction requires defendant "deposit the greater of (a) one third of that revenue from Flume software, or (b) all of [defendant's] profits derived from that revenue from Flume software." Dkt. 51 ¶ 3. The preliminary injunction further states that "'profits' are to be measured as total revenue absent sufficient proof by Defendant of proper expenses under 17 U.S.C. § 504(b)."

First, nothing in the stipulated preliminary injunction indicates <u>when</u> defendant must submit proof of proper expenses. Accordingly, defendant did not fail to comply with the preliminary injunction by failing to provide proof in a timely fashion. Relatedly, to the extent plaintiff seeks the court to impose a time limit for proof of expenses, plaintiff cannot do so through the present motion to enforce the preliminary injunction. The court is also generally not inclined to modify stipulated preliminary injunctions.

Second, plaintiff has not shown that defendant's $292,762.80 deposit fails to comply with paragraphs 3 the preliminary injunction. To date, defendant has received at most $878,288.40 in Flume software revenue. One-third of that amount is $292,762.80. That is the exact amount defendant deposited into the escrow account.

Plaintiff nevertheless argues that defendant was actually required to deposit all revenue from Flume software ($878,288.40) because defendant's proof of expenses did not comply with § 504(b) and defendant's expenses were not "proper." The court disagrees.

With respect to the former issue, though § 504(b) might require an infringer to

4

comply with the Federal Rules of Evidence when proving expenses, it is at best unclear if that degree of proof is required under the preliminary injunction. The preliminary injunction states that "[f]or purposes of this Order, 'profits' are to be measured as total revenue absent sufficient proof by Defendant of proper expenses under 17 U.S.C. § 504(b)." Dkt. 51 ¶ 5. Hence, paragraph 5 of the order applies only to the definition of "profits," and those expenses that can be properly deducted. Section 504(b) does not, as plaintiff contends, control the adequacy of the proof of those expenses. That the word "sufficient" modifies proof buttresses this conclusion. If "proof" was defined by § 504(b), then "sufficient" would be superfluous.

In any event, in conjunction with its opposition, defendant submitted hundreds of pages of contracts and receipts showing total expenses since September 2, 2016 of $710,974 and thus total profits of $167,314.[1] These exhibits would likely be admissible under the Federal Rules of Evidence, and plaintiff's reply does not contend otherwise. Instead, plaintiff argues that some of the expenses, such as salaries and a sales commission contract, are not "proper" because, in short, plaintiff thinks they are exorbitant or unwarranted. But no provision of the preliminary injunction allows plaintiff to reject defendant's expenses because plaintiff believes the expense are imprudent or a bad business decision. Nor has plaintiff cited any law suggesting the court could do so.

Defendant deposited $292,762.80, one-third of its Flume software-derived revenue. Because that amount is greater than defendant's Flume software-derived profit, defendant is in compliance with the preliminary injunction.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to enforce the preliminary injunction is DENIED in all respects. Going forward, the parties should work together to ensure that

---

[1] The parties debate both what constitutes "Flume software revenue" and what expenses are properly deductible. Though the court does not decide those issues, the court's analysis would not change based on those various amounts. Relatedly, defendant requested the court hold that SDS need not deposit any further revenue received under the AF Weather Contract. That request is DENIED because it is insufficiently briefed and likely not ripe for decision.

plaintiff receives adequate proof of expenses within a reasonable time period.  If necessary, parties may submit a revised stipulated preliminary injunction order for the court's review and approval.

**IT IS SO ORDERED.**

Dated: February 21, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge